IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD A. BENSON,     )  | |
| )  | |
| )  | Case No. 08 C 2886 |
| Plaintiff,     )  | |
| )  | Judge Lefkow |
| v.     )  | |
| )  | Magistrate Judge Keys |
| AKSYS USA, INC.     )  | |
| )  | |
| Defendant.     )  | |

## ANSWER

Defendant AKsys USA, Inc. ("AKsys" or the "Company"), answering the Complaint of Plaintiff Richard A. Benson ("Benson"), says and alleges:

### FIRST DEFENSE

1. This is an action for employment discrimination.

   **ANSWER:** Defendant admits that Plaintiff's Complaint purports to assert a claim for employment discrimination. Except as admitted Defendant denies the allegations in paragraph 1 of the Complaint.

2. The plaintiff is Richard A. Benson of the County of DuPage in the State of Illinois.

   **ANSWER:** Upon information and belief Defendant admits the allegations in paragraph 2 of the Complaint.

3. The defendant is AKsys USA, Inc., whose street address is 1909 Kyle Court, Gastonia, North Carolina 28052, Gaston County; telephone number 704-810-0500.

   **ANSWER:** Defendant admits the allegations in paragraph 3 of Complaint.

402046.1                                                   1

4. The plaintiff sought employment or was employed by the defendant at 5120 Belmont Avenue, Suite A, Downers Grove, Illinois 60515, DuPage County.

**ANSWER:** Defendant admits that Plaintiff was employed by AKsys on August 15, 2000 as sales and marketing manager for non-automotive accounts; that at all times pertinent herein Plaintiff worked out of the Company's Chicago, Illinois sales office; and that the address for the Chicago sales office was 5120 Belmont Road, Suite T, Downers Grove, Illinois 60515. Except as admitted Defendant denies the allegations in paragraph 4 of the Complaint.

5. The plaintiff was employed but is no longer employed by the defendant.

**ANSWER:** Defendant admits that Plaintiff's employment with AKsys was terminated effective November 15, 2005. Except as admitted Defendant denies the allegations in paragraph 5 of the Complaint including subparagraphs (a) through (c).

6. The defendant discriminated against the plaintiff on or about, or beginning on or about (month) _____, (day) _____, (year) _____. (sic)

**ANSWER:** Defendant denies discriminating against Plaintiff prior to, during and/or after his employment with AKsys.

7. The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

The United States Equal Employment Opportunity Commission, on or about November 16, 2005.

**ANSWER:** Upon information and belief Defendant admits that on or about November 16, 2005 Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 21B-2006-00330. Except as admitted Defendant is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.1 of the Complaint, including subparagraphs (a)(i) and (b) and therefore denies the same.

8.　　The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by the plaintiff on February 25, 2008, a copy of which is attached to this complaint.

**ANSWER:**　Upon information and belief Defendant admits that the EEOC issued a Dismissal and Notice of Rights to Plaintiff dated February 21, 2008. Except as admitted Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, including subparagraphs (a) and (b) and therefore denies the same.

9.　　The defendant discriminated against the plaintiff because of the plaintiff's Age (Age Discrimination Employment Act).

**ANSWER:**　Defendant denies the allegations in paragraph 9 of the Complaint.

10.　　If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color or national origin (42 U.S.C. Section 1983).

**ANSWER:**　The statements in paragraph 10 of the Complaint do not require an answer.

11.　　Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. Section 1331, 28 U.S.C. Section 1343(a)(3), and 42 U.S.C. Section 2000e5(f)(3); for 42 U.S.C. Section 1981 and Section 1983 by 42 U.S.C. Section 1988; for the A.D.E.A. by 42 U.S.C. Section 12117; for the Rehabilitation Act, 29 U.S.C. Section 791.

**ANSWER:** Defendant admits that this Court has subject matter jurisdiction over claims arising under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* (the "ADEA"). Except as admitted Defendant denies the allegations in paragraph 11 of the Complaint.

12. The defendant terminated the plaintiff's employment.

**ANSWER:** Defendant admits that AKsys terminated Plaintiff's employment effective November 15, 2005. Except as admitted Defendant denies the allegations in paragraph 12 of the Complaint, including subparagraph (b).

13. The facts supporting the plaintiff's claim of discrimination are as follows: I am over 60 years of age. On or about August 15, 2005, I was discharged by Tim Smith (40s), Respondent's President. Smith verbally stated that I was being discharged because my office was being closed. I was replaced by Dave Tolchin (30s), a less senior, less experienced employee who was given my allegedly eliminated position job title.

**ANSWER:** Defendant admits that Plaintiff's date of birth is May 16, 1945; that his employment with AKsys was terminated effective November 15, 2005; that Plaintiff was informed by Company President Tim Smith that the Chicago sales office was being closed effective September 30, 2005; that on September 22, 2005 Defendant hired David Tolchin as sales and marketing manager based at the Company's Gastonia, North Carolina headquarters and that his date of birth is January 29, 1967. Except as admitted Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**ANSWER:** Defendant denies the allegations in paragraph 14 of the Complaint.

15. The plaintiff demands that the case be tried by a jury. ___yes ___no. (sic)

**ANSWER:** The allegations in paragraph 15 of the Complaint do not require an answer.

16. Therefore, the plaintiff asks that the court grant the following relief to the plaintiff:

    b) Direct the defendant to re-employ the plaintiff.

    g) If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

    h) Grant such other relief as the Court may find appropriate.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief in this action and specifically denies that Plaintiff is entitled to the relief requested in subparagraphs 16(b), (g) and (h). Except as admitted the allegations in paragraph 16 of the Complaint do not require an answer.

## SECOND DEFENSE

The Complaint should be dismissed to the extent that it fails to state a claim against Defendant upon which relief can be granted by this Court.

## THIRD DEFENSE

Any claim under the ADEA which may be asserted in the Complaint is barred to the extent that Plaintiff did not comply with the jurisdictional prerequisites for commencing an action under the ADEA.

## FOURTH DEFENSE

All events which occurred more than three hundred (300) days prior to the filing of Plaintiff's charge of employment discrimination with the EEOC are untimely under the ADEA and not properly assertable in this action; nor is Plaintiff entitled to relief under the ADEA in this action for any events which occurred more than three hundred (300) days prior to the filing of his charge of employment discrimination.

## FIFTH DEFENSE

Any claim under the ADEA which may be asserted in the Complaint is barred in whole or in part because the Court lacks subject matter jurisdiction and Plaintiff lacks standing to maintain this action to the extent that the issues and allegations in the Complaint exceed the scope of administrative proceedings before the EEOC.

## SIXTH DEFENSE

Any claim under the ADEA which may be stated in the Complaint is barred in whole or in part because the Court lacks subject matter jurisdiction and Plaintiff lacks standing to maintain the action to the extent that the issues and allegations in the Complaint are not reasonably related to the allegations in Plaintiff's charge of employment discrimination filed with the EEOC.

## SEVENTH DEFENSE

Any claim under the ADEA which may be stated in the Complaint is barred in whole or in part because the Court lacks subject matter jurisdiction and Plaintiff lacks standing to maintain the action to the extent that the EEOC failed to comply with the required administrative procedures for processing Plaintiff's charge of employment discrimination.

### EIGHTH DEFENSE

Any claim under the ADEA which may be stated in the Complaint is barred to the extent that Plaintiff failed to exhaust his administrative remedies before the EEOC.

### NINTH DEFENSE

Any claim under the ADEA which may be stated in the Complaint is barred to the extent that Plaintiff failed to commence this action within ninety (90) days from the date he received dismissal and notice of right to sue from the EEOC.

### TENTH DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations to the extent that those claims are predicated in whole or in part upon events occurring outside the relevant period(s) of limitations.

### ELEVENTH DEFENSE

The two (2) year statute of limitations contained in Section 6 of the Portal-to-Portal Act of 1947, 29 U.S.C § 255, bars any violations of the ADEA alleged in the Complaint which occurred more than two (2) years before the commencement of this action.

### TWELFTH DEFENSE

Defendant asserts its good faith conduct as a defense in accordance with the provisions of Section 11 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 260 to the extent that the Court may find violations of the ADEA as alleged by Plaintiff.

### THIRTEENTH DEFENSE

Plaintiff's claims for compensatory and punitive damages are barred to the extent that such damages are not recoverable under the ADEA.

**FOURTEENTH DEFENSE**

Plaintiff's claims for damages are barred in whole or in part to the extent that he has failed to exercise reasonable diligence to mitigate his damages.

**FIFTEENTH DEFENSE**

Plaintiff's claims under the ADEA are barred to the extent that he was terminated for legitimate, non-discriminatory business reasons.

**SIXTEENTH DEFENSE**

Plaintiff's claims under the ADEA are barred to the extent that Defendant did not discriminate against him because of his age.

**SEVENTEENTH DEFENSE**

Plaintiff's claim for punitive damages is limited by and subject to the applicable provisions of the Constitution of the United States and/or the Constitution of the State of Illinois.

**EIGHTEENTH DEFENSE**

Plaintiff's claim for punitive damages is barred to the extent that the lack of clear standards makes the imposition of punitive damages against Defendant unconstitutionally vague and/or overbroad.

**NINETEENTH DEFENSE**

Plaintiff's claim for punitive damages is barred to the extent that Defendant did not engage in discriminatory practices with malice or reckless indifference to his rights.

**TWENTIETH DEFENSE**

Plaintiff's claim for punitive damages is barred to the extent that any discriminatory conduct was directly contrary to Defendant's good faith efforts to comply with the ADEA.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that no act or omission of Defendant was malicious, willful, wanton, reckless or grossly negligent.

## TWENTY-SECOND DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that Defendant did not act with actual malice when they took the employment actions at issue.

WHEREFORE Defendant AKsys respectfully prays that the Court enter a Judgment providing that:

1. The Complaint in this action be dismissed in its entirety.

2. Defendant be awarded its costs incurred in the defense of this action, including its reasonable attorneys fees; and

3. Defendants be awarded such other and further relief as the Court may deem just and proper.

Dated: June 12, 2008                                              AKSYS USA, INC.


                                                                  /s/ David N. Michael
                                                                     One of its attorneys


David N. Michael
Mark D. Brookstein
GOULD & RATNER LLP
222 North La Salle Street
Suite 800
Chicago, IL  60601
Telephone: (312) 236-3003
Facsimile: (312) 236-3241
Attorney No. 6216553

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date a copy of the foregoing **ANSWER** was served on *pro se* Plaintiff by depositing a copy of same in the United States Mail, postage prepaid, and addressed as follows:

        Richard A. Benson
        116 W. Bailey Road
        Naperville, IL  60565

This the 12th day of June, 2008.

        /s/  David N. Michael

GOULD & RATNER LLP
222 North La Salle Street
Eighth Floor, Suite 800
Chicago, IL  60601
Telephone: (312) 236-3003
Facsimile: (312) 236-3241